# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 1:17-cv-01542-RM-KMT

VILLA MAISON HOMEOWNERS ASSOCIATION, INC.,

      Plaintiff,

v.

OWNERS INSURANCE COMPANY,

      Defendant.

_____

## ORDER
_____

This matter is before the Court on Defendant's Motion for Attorney Fees and Actual

Reasonably Incurred Costs Pursuant to Colo. Rev. Stat. § 10-3-1116 and § 13-17-101 (ECF

No. 77). Plaintiff has filed a response (ECF No. 82), and Defendant has filed both a reply and a

supplement to its reply (ECF Nos. 87, 88). For the reasons given below, the motion is granted.

## I.      INTRODUCTION

In this insurance dispute, Plaintiff filed a claim for damage to its real property insured by

Defendant. Defendant made an initial payment on that claim. After the property was further

damaged by a hailstorm in June 2015, Defendant made an additional payment on the claim, but it

did not provide Plaintiff with copies of the reports or photos from its inspections.

In March 2017, Plaintiff became aware of additional damage that it believed was due to

the hailstorm. Plaintiff filed a new claim and obtained another estimate for repairs. (ECF No. 1,

Compl. ¶ 18.)

In June 2017, Plaintiff filed this lawsuit, asserting claims for breach of contract, unreasonable delay, and bad faith. The complaint alleges that Plaintiff suffered a loss due to the June 2015 hailstorm, that it notified Defendant of the claim in March 2017, and that Defendant had made no coverage decision by the time the complaint was filed. Defendant subsequently made a payment on the new claim. This Court granted Defendant's motion to dismiss the claims for unreasonable delay and bad faith (ECF No. 48), noting that Plaintiff had not filed its claim until twenty-one months after the June 2015 hailstorm and that Defendant had been on notice of the new claim for only three to four months when Plaintiff filed the lawsuit. (*Id.* at 3-4.) The Court stated that "there is no nonfrivolous argument that can be made that [P]laintiff's claims for unreasonable delay and common law bad faith are warranted by existing law or by extending existing law." (*Id.* at 8 n.6.) In denying Plaintiff's motion for reconsideration, the Court reiterated that "the claims for bad faith and unreasonable delay or denial were still frivolously raised." (ECF No. 59 at 8 n.7.) The Court then later granted summary judgment in Defendant's favor on the remaining claim for breach of contract. (ECF No. 75.)

## II. LEGAL STANDARD

Under Colorado law, a court must award costs and attorney fees to the defendant in an action for unreasonable delay or denial of benefits if the action was "frivolous." § 10-3-1116(5). A claim is frivolous if a party is unable to present a rational argument supporting it. *Bernal v. Lumbermeans Mut. Cas. Co.*, 97 P.3d 197, 204 (Colo. App. 2003). Section 13-17-101 provides for recovery of attorney fees when an action or part of an action "is determined to have been substantially frivolous, substantially groundless, or substantially vexatious."

## III.    ANALYSIS

This Court has already determined that Plaintiff's claims for unreasonable delay and bad faith were frivolous when filed.  In the order granting Defendant's motion to dismiss those claims, the Court stated, "If there were ever two claims that should not have been raised in an insurance-coverage-dispute case, Claims Two and Three for unreasonable delay and bad faith are certainly those two claims." (ECF No. 48 at 3.)  Undeterred by the analysis set forth in that order, Plaintiff moved for reconsideration.  (ECF No. 50).  In the order denying Plaintiff's motion for reconsideration as well as its motion for leave to amend the complaint, the Court stated unequivocally, "[A]t the time the claims for bad faith and unreasonable delay or denial were first raised in June 2017, there was absolutely no basis to assert those claims." (ECF No. 59 at 7.)  In opposing Defendant's motion for attorney fees, Plaintiff relies on the same arguments this Court has twice rejected.  There would be no point in reiterating yet again why these arguments lack merit.

Defendant's motion seeks only a determination as to liability for attorney fees (ECF No. 77 at 6); however, Plaintiff's response addresses the specific fees and costs requested by Defendant in its proposed bill of costs (ECF No. 82 at 6-9).  The Clerk of the Court has already taxed a portion of those costs: costs incident to taking depositions, fees for exemplification, and other costs for subpoena service.  (ECF No. 86.)  That leaves only the witness fees still at issue.  Plaintiff objects to all the witness fees for the same reason.  It contends that they are "completely unrelated" to Defendant's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), filed on October 23, 2017, because they were incurred after the motion was filed.  (ECF No. 82 at 6-9.)  In its reply, Defendant argues that it is entitled to fees incurred up until the time Plaintiff's

motion for reconsideration was denied, on August 31, 2018. The Court agrees with Defendant and concludes that it is reasonable to award witness fees incurred while Plaintiff continued to litigate Plaintiff's frivolous claims for unreasonable delay and bad faith.

## IV. CONCLUSION

Therefore, Defendant's motion for attorney fees (ECF No. 77) is GRANTED.

DATED this 23rd day of July, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge